# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 97-40049
Summary Calendar

---

CHARLES SKINNER,

Plaintiff-Appellant,

versus

JAMES CAMPBELL, Sheriff; PHIL GOODWIN,
Jail Administrator; CHEROKEE COUNTY JAIL,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CV-704)

---

November 19, 1997

Before POLITZ, Chief Judge, KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Skinner, a Texas state prisoner, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## Background

In July 1995 Skinner was confined in Cherokee County Jail in Rusk, Texas. On or about July 8, 1995, at his request, a family member brought eye drop medicine to the jail for his use. A second inmate, James Roberts, also had eye drop medication prescribed for his use.

Skinner alleges he requested his eye drop medication and the jailer brought him a bottle of eye drops with "K-tank" written on it. Skinner used the eye drops for four days until he experienced substantial pain and discomfort. Shortly thereafter, Skinner was told that the medication given him was prescribed for Roberts. Skinner thereafter was given the correct bottle of eye drops.

Skinner alleges that as a result of using the wrong eye medication he could not see out of his right eye. He filled out a sick call request and was seen by the jail doctor. The jail doctor could not assist him and suggested that Skinner be taken to an eye doctor. This did not occur and Skinner wrote the jail administrator and the sheriff and filed a grievance. There was no reply. A few days later Skinner went to his scheduled court appearance and, at this hearing, requested that the judge assist him in securing medical attention. The judge instructed the sheriff's department to arrange for Skinner to see an eye doctor.

When Skinner returned to the jail he was permitted to call his family to ask

2

them to arrange an appointment for him. Skinner alleges that from July until October, his family transported him to and from several appointments with the eye doctor, with the exception of October 20, when employees from the jail transported him there.

Skinner alleges that the medicine mix-up resulted in partial blindness of his right eye. He claims that the defendants violated his civil rights. The trial court dismissed the claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Skinner timely appealed.

<u>Analysis</u>

A complaint which is sought to be filed *in forma pauperis* may be dismissed as frivolous if it lacks an arguable basis in law or fact.[1] We review such a dismissal for abuse of discretion.[2] We affirm the trial court's determination that the petitioner's claim lacks an arguable basis in law because it is "based on an indisputably meritless legal theory."[3]

To establish a claim under section 1983 the plaintiff must allege the violation of a right, secured by the Constitution and laws of the United States, by a person

---

[1] 28 U.S.C. § 1915(e)(2)(B)(i).

[2] **Eason v. Thaler**, 14 F.3d 8 (5th Cir. 1994).

[3] **Neitzke v. Williams**, 490 U.S. 319, 327 (1989).

acting under color of state law.[4] The petitioner claims the defendants violated his fourteenth amendment and eighth amendment rights to adequate medical treatment because: (1) he received the wrong medication; (2) the defendants delayed providing him medical attention; and (3) the defendants failed to train or supervise their employees in the appropriate procedures for providing medication to inmates.

The eighth amendment places a duty on prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care.[5] Eighth amendment liability, however, requires "more than ordinary lack of due care for the prisoner's interests or safety."[6] For the prison officials to be found liable, Skinner must allege and be able to prove that they acted with "deliberate indifference" to his medical needs,[7] i.e., that they must have known of and disregarded an excessive risk to his health or safety.[8]

Skinner's allegations do not reach the required threshold of deliberate

---

[4] **West v. Atkins**, 487 U.S. 42 (1988); **Becerra v. Asher**, 105 F.3d 1042 (5th Cir. 1997).

[5] **Farmer v. Brennan**, 511 U.S. 825 (1994).

[6] **Whitley v. Albers**, 475 U.S. 312, 319 (1986).

[7] See **Wilson v. Seiter**, 501 U.S. 294 (1991).

[8] **Farmer**. It is not clear from the record whether Skinner was a convicted prisoner or a pretrial detainee. The analysis remains the same, however, because Skinner is challenging an episodic act, which is governed by the subjective deliberate indifference standard enunciated in **Farmer**. **Scott v. Moore**, 114 F.3d 51 (5th Cir. 1997).

indifference.  For the reasons assigned by the magistrate judge and adopted by the district court in its Order signed and entered on December 10, 1996, we AFFIRM.